9579

### STATE v. GRICE *ET AL.*

#### (91 S. E. 307:)

WITNESSES—CROSS-EXAMINATION—DISCRETION OF COURT.—In a prosecution for selling liquor, the action of the Court, in refusing to allow a State's witness to be asked on cross-examination "if he had not been indicted for nonsupport of his family," was not an abuse of the Court's discretion to limit the extent to which an attorney shall be permitted to cross-examine a witness.

Before SMITH, J., Columbia, May, 1916. Affirmed.

J. N. Grice and Calvin E. McCravy were each convicted of selling liquor, and each appeals.

*Mr. A. W. Holman,* for appellant.

*Mr. Solicitor Cobb,* for respondent.

February 8, 1917.

The judgment of the Court was delivered by MR. JUSTICE FRASER.

These cases were heard together, as the same question is involved.

The appellant was indicted for selling liquor. On the trial, the appellant's attorney asked the State's witness on the cross-examination if he had not been indicted for non-support of his family. The solicitor objected, and the question was ruled out as irrelevant.

In *State* v. *Crosby,* 88 S. C. 105, 70 S. E. 440, this Court said:

"In the first place, we fail to see the relevancy of the testimony which the defendant's attorneys sought to elicit from the witness; and, in the second place, the extent to which an attorney shall be permitted to cross-examine a witness is limited by the presiding Judge, and his ruling in this respect is not appealable, unless there has been an abuse of discretion, which does not appear in this case."

No abuse of discretion appears here. This is the only question.

The judgment is affirmed.